IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


**SONNY LOUIS,**

       **Plaintiff,**

**v.**                                  **NO. 1:13-cv-00566-KBM-LAM**

**STATE OF NEW MEXICO DEPARTMENT
OF CORRECTIONS, DEANNA HOISINGTON,
ROBERTY STEWART, JAMES LOPEZ,
JOSEPH PADILLA, JERRY ROARK,
& JOHN DOES 1-5,
in their individual capacities,**

       **Defendants.**

### STIPULATED PROTECTIVE ORDER GOVERNING
### CONFIDENTIAL INFORMATION AND DOCUMENTS

       **THIS MATTER** is before the Court on the parties' *Joint Motion for Protective Order (Doc. 43)*, filed December 4, 2013. Plaintiff and Defendants have agreed and consented to prohibit the disclosure of non-public, confidential, proprietary and/or sensitive information and documents that may be produced in discovery or otherwise made available to parties in this matter. The Court being fully advised in the premises:

       To protect the privacy of the litigants, the privacy of persons unrelated to the case pending and the confidential nature of personnel files, medical information, internal investigations and criminal investigations of individuals who are and are not a party to this action, a protective order is appropriate.

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED**, that the following Protective Order be entered:

**A.     Scope of the Protective Order**

Any personnel files, medical/health information, internal affairs files, disciplinary actions, performance evaluations, criminal investigative reports, or portions thereof, all of which are maintained in a confidential manner by the parties, shall be deemed "Confidential Information" and shall be treated as confidential.  For purposes of this Agreement and Order, the term "document" shall have the meaning as defined in Fed. R. Civ. P. 34(a).

**B.     Procedure for Designating Material as Confidential Information**

1.     The notation "Confidential" shall be stamped or otherwise marked on each designated document.  With respect to electronic data or information, the notation "Confidential" shall be marked on a label affixed to the medium on which the information is stored.

2.     Deposition testimony and exhibits may be designated as Confidential Information by identification on the record during any deposition or other proceeding.  All copies of the deposition transcripts that contain confidential information shall be marked "Confidential" on the cover.

3.     Any Confidential Information produced pursuant to this Order shall be stored under the direct control and supervision of counsel in this case, who shall be responsible for preventing disclosure thereof, except in accordance with the terms of this Protective Order.  Counsel may receive one copy of the Confidential Information and shall not reproduce that material or copy same except for use as exhibits in deposition or at trial, or for the attachment, under seal properly filed with the Court, to pleadings or briefs in this case, as provided below.

**C.    Qualified Persons with Access to Confidential Information**

The designation by a party of documents, information or testimony as Confidential Information shall mean that such shall be used by the other party only for preparation for trial, trial and/or settlement of this action and shall not be disclosed or transmitted by the other party, verbatim or in substance, to anyone except the following;

1.    The attorneys of record in this action and their associated attorneys, legal assistants, and staff members working on the action to the extent reasonably necessary to render professional services in the action;

2.    The named parties to this litigation;

3.    Independent consultants and/or experts retained by the parties or counsel to work on the action who agree to abide by this Agreement and Order;

4.    Persons deposed in this lawsuit with a need-to-know Confidential Information, provided, however, that before any information, document or thing designated as Confidential Information is shown to a witness, s/he must read a copy of this Agreement and Order and agree in writing to abide by the same unless that person is otherwise authorized to review the Confidential Information at issue in the normal course of their job duties;

5.    Court reporters engaged for depositions or other proceedings necessary to the conduct of the action;

6.    Such persons as the undersigned counsel shall mutually consent to in writing or on the record prior to the proposed disclosure; and

7.    The Court and Court personnel.

**D.      Restrictions on the Use and Disclosure of Confidential Information**

      1.      A party obtaining access to items designated as "Confidential Information" by the other party shall use the information solely for the preparation for trial, trial and/or settlement of this action.

      2.      If, at the time of trial or in connection with any pretrial or settlement hearing, counsel for a party intends to introduce any material made subject to this Agreement and Order by the other party, he or she shall so inform the Court and the other party's counsel as far in advance as possible, and the Court may take such steps, at the request of the other party's counsel or on its own initiative, as it deems necessary to preserve the confidentiality of such material subject to this Agreement and Order

      3.      The parties, and their counsel of record, shall not discuss or disclose the contents of any Confidential Information with any other persons, except between themselves for purposes of this action and as otherwise permitted in this Agreement and Order.

      4.      The restrictions set forth in this Order shall not apply to Confidential Information or material contained therein that:

           a.      Was, is or becomes public knowledge, by means which are not in violation of the terms of this Protective Order;

           b.      Is acquired from a third-party having the right to disclose such information or material; or,

           c.      Was lawfully possessed by the party prior to entry by the Court of this Protective Order.

**E.     No Admission or Waiver**

The inadvertent or unintentional disclosure of any Confidential Information by a party shall not be construed to be a waiver, in whole or in part, of that party's claim of confidentiality either as to the specific Confidential Information disclosed or as to any other related information. If a party produces multiple identical copies of a document, all identical copies shall be treated according to the most restrictive designation.

**F.     Jurisdiction and Return of Documents**

1.     After final disposition of this case, by settlement or adjudication, including any appellate proceedings, either party may request leave to reopen the case to enforce any of the provisions of this Protective Order.

2.     Within sixty (60) business days after the conclusion of this action, by settlement or adjudication, including any appellate proceedings, the Confidential Information (and all copies, transcripts, reproductions in any form whatsoever) produced or provided by a party shall be returned to the party's counsel.  Each party shall certify in writing to the other party that all Confidential Information (excluding work product abstracts or summaries of Confidential Information) has been returned and all work product abstract or summaries containing or referring to Confidential Information have been destroyed, as appropriate under this Paragraph.

**G.     Dispute as to Confidential Information Designation**

1.     If a party believes that a document, testimony or other information that has been designated as Confidential is not entitled to be treated as Confidential, counsel for that party will notify in writing the other party's counsel of the disagreement with the confidential designation. If the matter is not resolved by the parties themselves, the party claiming confidentiality shall file a motion with the Court, which will be decided by the Court with or without the benefit of a

hearing at the Court's discretion.  The document, testimony or other information that has been designated as Confidential shall be treated as Confidential from the date of designation until resolution of such agreement or motion.

   2. The Court may enter whatever additional orders it deems appropriate in order to secure the confidentiality and/or Confidential Information and material contained therein which were produced pursuant to this Order, or which are necessary to address any violations of this Order.

   3. Except as expressly provided herein, nothing in this Agreement and Order is intended to limit or have the effect of limiting either party's right to make use of or object to the use of such information for any purposes or uses permitted under the Federal Rules of Civil Procedure, or the Federal Rules of Evidence, at any time during the pretrial preparation or trial of this matter or any time up to and including the entry of judgment and conclusion of any appeal taken therefrom.  Accordingly, subject to the Federal Rules of Evidence, material protected by this Agreement and Order may be offered in evidence at trial or at any court hearing subject to such protective measures as may be provided by this Agreement and Order or directed by the Court.

   4. The provisions of this Agreement and Order shall apply from the date this Order is signed to any and all documents produced in this action and to any and all information produced or disclosed, whether produced or disclosed before or after the execution of this Order.

   5. Any party may seek modification of this Protective Order by agreement of all parties and by motion to the Court.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ
UNITED STATES MAGISTRATE JUDGE**


Submitted by *(Prior to modification by the Court)*:

SAUCEDO CHAVEZ, P.C.

By: _/s/ Andrea I. Gunderson_
       Andrea I. Gunderson
       Christopher T. Saucedo
100 Gold Avenue SW, Suite 206
Albuquerque, NM  87102
 (505) 338-3945
*Attorneys for State Defendants*

and

PAUL KENNEDY & ASSOCIATES, P.C.

By: _approval via email 12/4/2013_
       Paul Kennedy
       Justine Fox-Young
201 12th Street, N.W.
Albuquerque, NM 87102
(505) 842-8662
*Attorneys for Plaintiff*